Naira PETROSYAN, aka Naira Mikhertarian aka Anait Tulbendzhayan, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73397.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Richard M. Evans, Esq., Norah Ascoli Schwarz, Esq., Nancy E. Friedman, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

## MEMORANDUM **

Naira Petrosyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from the Immigration Judge's denial of her applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum and withholding of removal, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

We conclude that substantial evidence supports the BIA's determination that Petrosyan is not eligible for asylum because she failed to show that authorities arrested her husband on account of his whistle-blowing activities, rather than because they suspected him of embezzlement. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir.2004) (asylum denied where petitioner failed to show that criminal investigation was not the reason for arrest). Moreover, Petrosyan failed to show that the Armenian government persecuted her or that the government was "unwilling or unable to control" her persecutors. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005).

Petrosyan's withholding of removal claim was based on the same facts she relied on as the basis for her asylum claim, and because Petrosyan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Petrosyan failed to raise her CAT claim in her opening brief, and therefore waived

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**